35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold O. CLARK, Plaintiff-Appellant,
v.
LENNOX INDUSTRIES, INC.; Northern Trust Company; Pension
Plan for Bargaining Unit Employees, Columbus
Division, Defendants-Appellees.
 No. 94-3129.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1994.
 
 1
 Before: RYAN and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Harold O. Clark, proceeding without benefit of counsel, appeals a district court judgment granting defendants' motion for summary judgment and denying his cross-motion for summary judgment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking to recover increased disability retirement benefits, Clark brought suit against his former employer Lennox Industries, Inc. (Lennox), the Pension Plan for Bargaining Unit Employees--Columbus Division (the Lennox Plan or Plan), and The Northern Trust Company (Northern Trust), pursuant to the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001, et seq. Clark claimed that: 1) he was entitled to increased benefits under the Plan pursuant to 29 U.S.C. Sec. 1132(a)(1)(B), and 2) the defendants breached their fiduciary duty by denying his claim for increased benefits in violation of 29 U.S.C. Sec. 1104. The district court granted defendants' motion for summary judgment and denied Clark's cross-motion for summary judgment. In his timely appeal, Clark reasserts that the district court did not correctly calculate the monthly amount of his disability retirement benefit and did not correctly determine the date from which he was entitled to receive benefits. He does not, however, argue that the defendants were guilty of a breach of fiduciary duty. Thus, this latter issue is considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 4
 This court reviews the district court's grant of summary judgment de novo, Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991), and its denial of summary judgment for an abuse of discretion. Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of demonstrating that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Viewing the evidence in the light most favorable to the nonmoving party, the court must determine whether the evidence presents a sufficient disagreement to require submission to the factfinder or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment to the defendants, and denied summary judgment to the plaintiff. Initially, we also conclude that the district court properly applied the arbitrary and capricious standard of review to this case. The Lennox Plan gave the plan's administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Wells v. United States Steel & Carnegie Pension Fund, Inc., 950 F.2d 1244, 1247-48 (6th Cir.1991); Callahan v. Rouge Steel Co., 941 F.2d 456, 458-59 (6th Cir.1991). The Plan also gave discretionary authority to the plan administrator, thus requiring the arbitrary and capricious standard of review in this case. See Perry v. Simplicity Eng'g, 900 F.2d 963, 965 (6th Cir.1990). Under this standard of review, the district court must affirm an employer's or insurer's decision if evidence in the record reflects any reasonable explanation for the decision. Davis v. Kentucky Fin. Cos. Retirement Plan, 887 F.2d 689, 693-94 (6th Cir.1989).
 
 
 6
 In this case, the defendants met their initial burden of establishing an absence of evidence in support of Clark's claims and a reasonable basis for their decisions. Celotex Corp., 477 U.S. at 325. The plan administrator based his decision to compute Clark's pension benefits under the 1973 Plan because Clark's disability date preceded the effective date of the 1976 Restatement of the Plan. In addition, the plan administrator determined that Clark was entitled to disability payments beginning June 1, 1989, because it was the first day of the month following the plan administrator's receipt of the required documentary proof of Clark's disability.
 
 
 7
 In the face of this evidence, Clark was required to present significant probative evidence in support of his complaint to defeat the motion for summary judgment. LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). Clark did not satisfy his burden of showing that the administrator acted in an arbitrary and capricious manner in determining either his pension amount or disability pension eligibility date. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir.1989). Therefore, the defendants were entitled to judgment as a matter of law. In addition, for the foregoing reasons, the district court did not abuse its discretion in denying summary judgment to Clark. See Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d at 1472.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation